### JOHN HASSAM *vs.* EDWARD F. HODGES.

Under the *St.* of 1858, *c.* 93, § 10, proceedings in insolvency can be had only in the county in which the debtor resides, and not in any other county in which he has a place of business.

PETITION to this court sitting in equity, to revise a decree of the judge of probate and insolvency, vacating all proceedings in the case of Samuel Rice, whose place of business was in this county, but his residence in the county of Middlesex.

*C. B. Goodrich*, for the petitioner. The original insolvent law of 1838, *c.* 163, § 1, allowed proceedings to be commenced either in the county where the debtor resided, or in that in which he had his usual place of business. By the *St.* of 1858, *c.* 93, § 3, all the jurisdiction and authority of judges of insolvency under previous laws is transferred to the judges of probate and insolvency under the new act. The provision of § 10, that " the judges of probate and insolvency in the several counties shall have original and exclusive jurisdiction of all cases of insolvent debtors who reside within their respective counties," should not be construed to change in so material a particular as this a system of twenty years' standing.

*E. F. Hodges, pro se.*

THE COURT held that the provision of *St.* 1858, *c.* 93, § 10, that the judges of probate and insolvency in their several counties should have exclusive jurisdiction over all insolvent debtors residing in each, (differing from the language of the original act,) was too strong and explicit to admit of a doubt, and

*Affirmed the decree vacating the proceedings.*